IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY PERRIE TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv734-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed on September 17, 2013, by federal inmate Anthony Perrie Turner ("Turner").[1]  Doc. No. 1.  Turner challenges his guilty plea convictions and resulting 240-month sentence for conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count 1 of the indictment); carjacking, in violation of 18 U.S.C. § 2119 (Count 2); and aiding and abetting the using and carrying of a firearm during and in relation to, and possession in furtherance of, a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1)(A) & § 2 (Count 3).  The government argues that Turner's § 2255 motion was filed after expiration of the one-year limitation period applicable to such motions and is therefore time-barred.

---

[1] Turner apparently signed his § 2255 motion on September 17, 2013.  Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Doc. No. 13.  For the reasons that follow, the court agrees with the government.

## II.  DISCUSSION

<u>Limitation Period in 28 U.S.C. § 2255(f)</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Specifically, 28 U.S.C. § 2255(f) provides that the one-year limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

On May 3, 2011, Turner pled guilty under a plea agreement to all counts of a three-count indictment charging him with conspiracy to commit carjacking, carjacking, and aiding and abetting the using and carrying of a firearm during and in relation to, and possession in furtherance of, a crime of violence.  On August 11, 2011, the district court sentenced him to a total of 240 months in prison.  Judgment was entered by the district court on August 15,

2011. Turner filed a timely notice of appeal. However, on February 8, 2012, the Eleventh Circuit Court of Appeals dismissed his appeal and issued its mandate after determining that Turner had waived his right to appeal his convictions and sentence as part of his plea agreement.

A judgment of conviction becomes final for a defendant who appeals when the time for seeking certiorari review in the Supreme Court expires. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). Turner had 90 days from the Eleventh Circuit's decision of February 8, 2012, in which to seek certiorari review in the Supreme Court. *See* Sup.Ct.R. 13(1) and (3); *Close*, 336 F.3d at 1284-85. He did not seek such review. Therefore, his conviction is deemed to be final on May 8, 2012. For purposes of 28 U.S.C. § 2255(f)(1), then, Turner had until May 8, 2013, to file a timely § 2255 motion. Turner's filing of his § 2255 motion on September 17, 2013, renders it untimely under § 2255(f)(1).[2]

Equitable Tolling

Turner maintains this court should equitably toll the time for filing his § 2255 motion and treat his motion as having been timely filed because, he says, "some time after February

---

[2] Turner has not set forth any facts or arguments indicating that any of the statutory tolling provisions of 28 U.S.C. § 2255(f)(2) - (4) should control the limitation period in his case. He does not allege facts to establish that a governmental action in violation of the Constitution or laws of the United States prevented from filing a timely § 2255 motion; therefore, he has not shown that the limitation period in his case should be extended under § 2255(f)(2). He fails to assert a claim for relief that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; thus, the tolling provision in § 2255(f)(3) does not apply to his case. Finally, he does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence; therefore, § 2255(f)(4) does not operate to extend the limitation period in his case.

8, 2012," he sent a "letter motion" to this court that he meant to be treated as a § 2255 motion. Doc. No. 1 at 4. However, he does not specifically assert that the letter motion was sent before May 8, 2013 (the date on which § 2255(f)'s one-year limitation period expired), provides no details about the contents of or claims in the letter motion, and describes no efforts he made to ensure that the letter motion was filed with the court. There is no record whatsoever of this court having received such a letter motion from Turner. Although Turner refers in his § 2255 motion to an "Attached Exhibit B," allegedly the letter motion he sent to the court, no Exhibit B or copy of the alleged letter motion is actually attached to his § 2255 motion or other pleadings.

The limitation period in federal habeas proceedings may be equitably tolled, but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Turner fails to show that some extraordinary circumstance stood in his way and prevented his timely filing of a § 2255 motion, or that he diligently pursued his rights. Consequently, he does not carry his burden of establishing his entitlement to equitable tolling.

Because Turner has failed to establish grounds for equitable tolling, his § 2255 motion is time-barred under 28 U.S.C. § 2255(f).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period, 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 10, 2015.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 19th day of February, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE